IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

AMERICAN ZURICH INSURANCE COMPANY PLAINTIFF

V. CIVIL ACTION NO. 4:18CV136-DMB-RP

REDWINE AUTO SALES, INC.,
HAROLD REDWINE,
TAMMY REDWINE, AND
SHELDON REDWINE DEFENDANTS

**COMPLAINT FOR DECLARATORY JUDGMENT,
INTERPLEADER, AND OTHER RELIEF**

Plaintiff, American Zurich Insurance Company ("Zurich"), files this its Complaint for Declaratory Judgment, Interpleader, and Other Relief, and would respectfully show unto the court the following:

## I. NATURE OF ACTION

1.

This is a civil action for a declaratory judgment arising from Zurich's issuance of a Commercial Auto insurance policy to the Named Insured, Redwine Auto Sales, Inc., Policy Number GLA 1638870 – 01, with a policy period of June 2, 2017 to June 2, 2018 (the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit "A," and the terms thereof are incorporated by reference herein.

2.

Zurich seeks a declaration regarding the amount of uninsured motorists ("UM") coverage available under the Policy to the defendants with respect to an automobile accident that occurred on

October 12, 2017, in Leflore County, Mississippi.

## II. THE PARTIES

3.

Zurich is a corporation organized and existing under the laws of Illinois with its principal place of business in the State of Illinois, and is duly licensed to sell insurance in Mississippi by the Mississippi Insurance Department.

4.

Defendant Redwine Auto Sales, Inc., is a Mississippi corporation with its principal place of business in Leland, Mississippi, and may be served with process by serving its registered agent, Elbert Steven Redwine, 3037 VFW Rd, Leland, MS 38756.

5.

Defendant Harold Redwine is an adult resident of Washington County, Mississippi, and may be served with process at 3660 Highway 1 South, Greenville, Mississippi, 38701.

6.

Defendant Tammy Redwine is an adult resident of Washington County, Mississippi, and may be served with process at 3660 Highway 1 South, Greenville, Mississippi, 38701.

7.

Defendant Sheldon Redwine is an adult resident of Washington County, Mississippi, and may be served with process at 3660 Highway 1 South, Greenville, Mississippi, 38701.

## III. JURISDICTION AND VENUE

8.

This court has jurisdiction of this action pursuant to 28 U.S.C. §1332, as the matter in

controversy is between citizens of different states and the value in controversy, exclusive of interest and costs, exceeds $75,000.

9.

Venue in proper in this district pursuant to 28 U.S.C. §1391(b), because the defendants reside in this judicial district, and a substantial part of the events giving rise to the claim occurred in this district.

10.

Plaintiff is entitled to declaratory relief in accordance with 28 U.S.C. §2201 and Federal Rule of Civil Procedure 57.

## IV. STATEMENT OF FACTS

11.

On or about June 1, 2017, Chandra Redwine, acting as an officer and/or agent of the Named Insured, Redwine Auto Sales, Inc., completed an application for Commercial Auto insurance coverage, which included a form titled, Selection/Rejection of Stacked/Non-Stacked Coverage - Mississippi. Exh. "B."

12.

The form contained various options for UM coverage, including both stackable UM coverage and non-stackable UM coverage. Redwine Auto Sales, Inc., selected Non-Stackable UM coverage with a Combined Single Limit of $300,000. The form was signed by Chandra Redwine on behalf of Redwine Auto Sales, Inc., and is dated June 1, 2017. *Id.*

13.

Zurich relied upon Redwine's selection of Non-Stackable UM coverage and issued the

Policy, which provides UM coverage for the five vehicles insured by the Policy, and provides a non-stackable single UM limit of $300,000. Exh. "A."

14.

The Policy contains an endorsement titled, "MISSISSIPPI UNINSURED MOTORISTS COVERAGE BODILY INJURY AND PROPERTY DAMAGE – NONSTACKED" (the "UM Endorsement"). Exh. "A." Under the UM Endorsement's Schedule, the Limit Of Insurance is $300,000 for Each "Accident." The Limit of Insurance section of the UM Endorsement states in pertinent part,

> **D. Limit Of Insurance**
>
> 1. Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the Limit Of Insurance for Uninsured Motorists Coverage show in the Schedule or Declarations.
>
> . . . .

*Id.*

15.

The premium Zurich charged was for non-stacked UM coverage. The premium would have been higher if the insured had selected stacked UM coverage.

16.

On October 12, 2017, Harold Redwine, Tammy Redwine, and Sheldon Redwine were involved in an automobile accident when the 2012 GMC Sierra in which they were traveling was struck by a 2002 Mercury Grand Marquis driven by Tiffony Thompson. The 2012 GMC Sierra was

one of the Covered Autos listed on the Policy.

17.

Upon information and belief, there was no liability insurance coverage in effect for the Grand Marquis or Tiffony Thompson.

18.

Zurich has paid the sum of $40,019.65 to settle the property damage portion of the subject claim, which serves to reduce the Policy's Combined Single UM Limit of $300,000 to $259,980.35.

## V. DECLARATORY JUDGMENT

19.

Plaintiff repeats and realleges paragraphs 1 through 18 of this complaint as if fully set forth herein.

20.

An actual, substantive, and justiciable controversy exists between the parties concerning the amount of UM coverage available to the defendants under the Policy. The parties accordingly have a direct, substantial, and present interest in a declaratory judgment regarding the amount of available UM coverage.

21.

Zurich is entitled to a declaration that:

    a.    The Policy provides single-limit, nonstacking UM coverage for the five vehicles insured under the Policy, in accordance with Miss. Code Ann. § 83-11-102;

    b.    The UM limits for each of the five vehicles insured under the Policy

may not be stacked; and

c.      The total amount of UM coverage available to the defendants is $259,980.35.

## VI. INTERPLEADER

22.

Plaintiff repeats and realleges paragraphs 1 through 21 of this complaint as if fully set forth herein.

23.

Zurich has paid the sum of $40,019.65 to settle the property damage portion of the subject claim, which serves to reduce the Policy's Combined Single UM Limit of $300,000 to $259,980.35.

24.

The medical bills of defendants Harold Redwine, Tammy Redwine, and Sheldon Redwine related to the subject October 12, 2017 accident are in excess of the Policy's remaining Combined Single UM Limit of $259,980.35.

25.

There are therefore competing claims to the Policy's remaining $259,980.35 UM limit. Zurich is a disinterested stakeholder in the proceeds of the Policy. Zurich is willing, ready, and able to pay the person or persons entitled to receive the Policy's $259,980.35 limit, in exchange for an order dismissing it with prejudice. Zurich is prepared to, and will, deposit with the Clerk of the Court the entire amount of the Policy's $259,980.35 limit, upon approval by this Court of said deposit.

## REQUEST FOR RELIEF

WHEREFORE, Zurich respectfully requests judgment in its favor and against the defendants herein, and asks that the Court:

1.     Enter judgment in favor of Zurich by declaring that the total amount of UM coverage available under the Policy is $259,980.35, and that the UM limits for the five vehicles insured under the Policy may not be stacked;

2.     That the Policy's remaining limit of $259,980.35 be permitted to be deposited with the Clerk of Court and be accepted into the registry of the Court to be held in an interest bearing account for future disbursement to the person or persons adjudged by this Court to be lawfully entitled thereto;

3.     That the Court adjudicate that the aforesaid amount is the extent of Zurich's liability to anyone under the Policy;

4.     That process be issued to and served on Defendants and that they be required to interplead and assert their respective claims to the proceeds of the Policy paid into the registry of the Court, and settle among themselves their rights or claims thereto;

5.     That this Court issue an Order of injunction, enjoining or restraining said interpleader Defendants, their agents, attorneys, or assigns from instituting or prosecuting any suit or proceeding against Zurich in any other Court on account of benefits payable under the Policy and in due course, make said Order of injunction permanent;

6.     That an award be made to Zurich out of the proceeds of the Policy deposited into this Court to reimburse it for reasonable attorneys' fees, costs and other expenses which Zurich has been compelled to expend in the prosecution of this Complaint; and

7.     That Zurich be finally dismissed from the action, with prejudice, and fully discharged from any further liability which in any manner may arise under the Policy and the proceeds payable under the Policy, and that the Court adjudicate to whom the Clerk of this Court shall disburse the subject insurance proceeds deposited into the registry of this Court. Zurich requests such other or further relief as the Court may deem proper in the premises, including attorney's fees and recoverable court costs.

**DATED: June 29, 2018**

Respectfully submitted,

AMERICAN ZURICH INSURANCE COMPANY

BY:     /s/ Wilton V. Byars, III
        OF COUNSEL

BY:     /s/ Tom Julian
        OF COUNSEL

WILTON V. BYARS, III - BAR # 9335
wbyars@danielcoker.com
TOM JULIAN - BAR # 101905
tjulian@danielcoker.com
DANIEL COKER HORTON AND BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE: (601) 969-7607
FACSIMILE: (601) 969-1116